**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **AMERICO FLORES-ZARATE,** | § | |
| **Reg. No. 59817-380,** | § | |
| **Movant,** | § | |
| | § | **EP-16-CV-172-PRM** |
| **v.** | § | **EP-15-CR-1949-PRM-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered Movant Americo Flores-Zarate's

pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody" (ECF No. 129) [hereinafter

"Motion"],[1] filed on May 23, 2016, and the United States of America's

[hereinafter "Government"] "Response" (ECF No. 137), filed on August

26, 2016, in the above-captioned cause. In his Motion, Movant

challenges the 46-month sentence imposed by the Court after he pleaded

guilty to multiple offenses related to the illegal possession and

---

[1] "ECF No." refers to the Electronic Case Filing number for documents
docketed in EP-15-CR-1949-PRM-1. Where a discrepancy exists
between page numbers on filed documents and page numbers assigned
by the ECF system, the Court will use the latter page numbers.

transportation of ammunition in interstate or foreign commerce. In its Response, the Government argues that the Court should deny the Motion. Upon reviewing the record and for the reasons discussed below, the Court concludes that Movant fails to establish an entitlement to § 2255 relief. The Court will accordingly deny his Motion and dismiss his civil cause with prejudice. The Court will additionally deny Movant a certificate of appealability.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Court records show that in August of 2015, Homeland Security Investigations Special Agents [hereinafter "Agents"] received a tip from a source at a sporting goods store in El Paso, Texas, concerning purchases of large quantities of ammunition.[2]   In response to this tip, the Agents reviewed the store's transaction reports and surveillance videos.[3]   They also checked border crossing records.[4]   Their efforts led them to identify Movant as an individual who purchased and transported ammunition to

---

[2]  Crim. Compl. 3, Oct. 13, 2015, ECF No. 1.

[3]  *Id*

[4]  *Id.*

Mexico.[5]   When the Agents reviewed immigration records, they also learned that Movant was not a citizen or lawful permanent resident of the United States, and that he did not have permission to possess ammunition while in the United States.[6]   The Agents also determined that Movant paid $7,313.41 for 20,660 rounds of ammunition at the store.[7]

A grand jury "Indictment" returned November 4, 2015, charged Movant with one count of conspiracy to smuggle goods (ammunition) from the United States, in violation of 18 U.S.C. §§ 371 & 554 [hereinafter "Count One"]; one count of aiding and abetting the smuggling of goods from the United States, in violation of 18 U.S.C. §§ 2 & 554 [hereinafter "Count Two"]; and two counts of being an alien in possession of ammunition, in violation of 18 U.S.C. § 922(g)(5)(B) [hereinafter "Counts Three and Four"].[8]   On January 26, 2016, Movant entered an open guilty

---

[5] *Id.*

[6] *Id.*

[7] Indictment 2, Nov. 4, 2015, ECF No. 24.

[8] *Id.* at 1–4.

plea to the charges stated in the indictment before the United States

Magistrate Judge.[9]

A Presentence Investigation Report ("PSR") was prepared.[10] The

PSR assessed a combined total offense level of 24, and calculated a

criminal history category of I, resulting in a guideline sentencing range of

51 to 63 months' imprisonment.[11] Movant, through his counsel, filed

objections to the PSR.[12] An amended PSR calculated Movant's total

offense level as 23, and a criminal history category of I, resulting in a

guidelines sentencing range of 46 to 57 months' imprisonment.[13]

Movant's counsel thereafter filed a sentencing memorandum asking the

Court to depart downward from the applicable sentencing guideline

range, which was denied.[14]

---

[9] R. & R., Jan. 27, 2016, ECF No. 84.

[10] Presentence Investigation Report, Mar. 18, 2016, ECF No. 106 (sealed).

[11] *Id.* at ¶¶ 42, 46, 67.

[12] Objections, Apr. 4, 2016, ECF No. 118-2.

[13] Amended Presentence Investigation Report, Apr. 11, 2016, ECF No. 123 (sealed).

[14] Defendant's Sentencing Mem., Apr. 2, 2016, ECF No. 120; Tr. of Sentencing Hearing at 4–13, July 18, 2016, ECF No. 135.

The Court adopted the amended PSR without change and sentenced Movant to concurrent terms of 46 months' imprisonment and three years of non-reporting supervised release on each count.[15] The Court informed Movant of his right to appeal his conviction and sentence,[16] but Movant did not appeal.

In his § 2255 Motion, Movant asserts four grounds for relief. First, he claims that the U.S. Constitution gives him the "right" to possess ammunition, U.S. laws do not make it "illegal" for him to purchase ammunition, law enforcement officers "falsely arrested" him based on the "hearsay" statement of a store clerk, and law enforcement officers wrongfully arrested him inside the one-mile perimeter around the El Paso border station.[17] Second, he asserts that his counsel provided constitutionally ineffective assistance when he did not investigate the "false statements presented to the grand jury," allow him to bring up "multiple facts" in his defense, argue his arrest was illegal, or claim it was

---

[15] J., Apr. 14, 2016, ECF No. 125.

[16] Notice of Right to Appeal, Apr. 14, 2016, ECF No. 126.

[17] Mot. to Vacate 4, May 23, 2015, ECF No. 129.

"not illegal" for him to purchase ammunition.[18]   Third, he contends that

he was not "allowed to speak to a member from the Mexican consulate"

about his "illegal arrest and incarceration," in violation of the Vienna

Convention on Consular Relations, and he was arrested "inside the 1 mile

buffer zone of the border."[19]   Finally, he maintains the evidence, which

he describes as "hearsay and manufactured," was insufficient to support

his conviction.[20]   Movant asks the Court to vacate the "Judgment in a

Criminal Case" and reinstate his passport and visa.[21]

In its Response, the Government maintains that Movant fails to

show "that he was sentenced in violation of the Constitution or the laws of

the United States [or] that defense counsel was ineffective . . ."[22]

Further, the Government asserts that Movant has not "stated the 'cause

---

[18] *Id.* at 5.

[19] *Id.* at 6.

[20] *Id.* at 8.

[21] *Id.* at 13.

[22] Gov't's Resp. 3, Aug. 26, 2016, ECF No. 137.

and prejudice' required before he can seek collateral review on issues . . . not raise[d] on direct appeal."[23]

## II. APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"[24]   Relief under § 2255 is warranted for errors that occurred at trial or at sentencing.[25]   Before a court will grant relief pursuant to § 2255, a movant must establish: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[26]   Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence.[27]   "If it plainly appears from the motion

---

[23] *Id.*

[24] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[25] *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997).

[26] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

. . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . ."[28]

## III. ANALYSIS

### A. Waiver

Other than his ineffective assistance of counsel claims implicating the voluntary and knowing nature of his guilty plea, Movant has waived his other section 2255 claims. This is because a knowing and voluntary guilty plea precludes all claims of constitutional deprivations, other than jurisdictional defects, occurring prior to entry of the plea.[29] In other words, "[t]he plea waives claims of governmental misconduct during the investigation and improper motives for prosecution."[30] Even more

---

[27] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)).

[28] 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b) (2012); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

[29] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008).

[30] *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002).

pertinently: "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees."[31]

As the Fifth Circuit has noted,

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759, 770 (1970)].[32]

In determining the voluntariness of a plea, courts consider all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel.[33]

---

[31] *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

[32] *Daughenbaugh*, 549 F.3d at 1012, *quoting Tollett*, 411 U.S. at 267.

[33] *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007).

A guilty plea qualifies as "knowing" when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."[34]    The Supreme Court's decision in *Boykin v. Alabama* requires a hearing prior to entry of a guilty plea, at which the Court must elicit an affirmative showing that the decision to plead guilty is voluntary and intelligent.[35]    Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are voluntary and knowing by requiring a judge to ensure the defendant understands the law governing his crime in relation to the facts of his case, as well as his rights as a criminal defendant.[36]

At Movant's Rule 11 hearing, Movant appeared with his counsel and told the Magistrate Judge under oath that he understood the charges against him.[37]    Movant stated that he had discussed his entry of a guilty

---

[34] *Bousley v. United States*, 523 U.S. 614, 618 (1998).

[35] 395 U.S. 238, 243 (1969).

[36] *United States v. Vonn*, 535 U.S. 55, 62 (2002).

[37] Transcript of Rearraignment (Pt. 1) at 5, Jan. 26, 2016, ECF No. 104.

plea with his counsel.[38]   The Magistrate Judge informed Movant of the rights that he was waiving by entering a guilty plea.[39]   Movant stated that he wished to waive these rights and plead guilty.[40]   Movant further stated that he was voluntarily pleading guilty, and that his guilty plea was not coerced.[41]   Movant declared that he was pleading guilty because he was guilty "and for no other reason."[42]   Movant told the Magistrate Judge that he was satisfied with his counsel's representation and advice.[43]   Movant also told the Magistrate Judge that he understood the maximum penalty he faced on Count One was a term of five years' imprisonment, a fine of up to $250,000, and not more than three years of supervised release, and that he faced a penalty of up to ten years' imprisonment, a fine of $250,000, and not more than three years of

---

[38] *Id.* at 7.

[39] *Id.* at 7–9.

[40] *Id.* at 9.

[41] *Id.* at 10.

[42] *Id.* at 11.

[43] *Id.* at 19.

supervised release on the other three counts of the indictment.[44]

Movant further agreed to a factual basis for his guilty pleas, as recited by the Government at his Rule 11 hearing.[45]

Under most circumstances, a defendant may not refute his sworn testimony given at a plea hearing while under oath.[46] Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings.[47]

Because Movant was adequately informed of the consequences of his plea, the Court finds his guilty plea was both voluntary and knowing.[48] Accordingly, Movant's waiver of all pre-plea nonjurisdictional defects in his criminal proceedings must be enforced,

---

[44] *Id.* at 23–24.

[45] *Id.* at 32–40; Tr. of Rearraignment (Pt. 2), Jan. 26, 2016, ECF No. 102.

[46] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

[47] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

[48] *United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered.").

and his claims—other than his ineffective assistance of counsel claims—are waived.[49]

## B.   Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are also waived by a voluntary and intelligent guilty plea, except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[50] Accordingly, the only claim available to Movant is a challenge to the voluntary and intelligent entry of his guilty plea based on "serious derelictions" in his counsel's advice regarding the plea.[51]

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel, including the effective assistance of counsel when entering a guilty plea.[52]   An ineffective assistance of

---

[49] Additionally, Movant's claim regarding his right to contact the Mexican consul is without merit; the Supreme Court and the Fifth Circuit Court of Appeals have held the Vienna Convention on Consular Relations does not confer individually enforceable rights.   *Medellin v. Texas*, 552 U.S. 491, 507–13 (2008); *United States v. Jimenez-Nava*, 243 F.3d 192, 198 (5th Cir. 2001).

[50] *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008).

[51] *McMann v. Richardson*, 397 U.S. 759, 774 (1970).

[52] *Lee v. United States*, 137 S. Ct. 1958, 1964 (2017).

counsel claim in the context of a guilty plea is subject to the same standard as any other ineffective assistance claim, i.e., the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully state a claim of ineffective assistance of counsel under *Strickland*, a section 2255 movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[53] The burden of proof is on the movant alleging ineffective assistance of counsel.[54]

To succeed on a claim of ineffective assistance of counsel, Movant must establish that counsel's performance fell below an objective standard of reasonable competence.[55] And when a movant challenges his guilty plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."[56] To satisfy this requirement the movant "must show that there is a reasonable

---

[53] *Strickland*, 466 U.S. at 687.

[54] *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

[55] *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993).

[56] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[57]   Movant may also establish prejudice arising from counsel's alleged deficiencies by establishing that, but for counsel's alleged deficiencies, he "would have [had] a reasonable chance of obtaining a more favorable result," i.e., an acquittal or a lesser sentence at trial.[58]

Movant must affirmatively plead the actual prejudice resulting from counsel's deficiencies.[59]   The probability of prejudice may not be based merely upon conjecture or speculation.[60]   Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.[61]

---

[57] *Id.*

[58] *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir.) (en banc), *cert. denied*, 137 S. Ct. 236 (2016).   *See also Missouri v. Frye*, 566 U.S. 134, 146–47 (2012) (stating that, to establish prejudice, the defendant must "show a reasonable probability that the end result of the criminal process would have been more favorable").

[59] *Hill*, 474 U.S. at 60.

[60] *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

[61] *Strickland*, 466 U.S. at 695–96.

Movant asserts that he was denied his right to the effective assistance of counsel. Movant contends counsel was ineffective because counsel: failed to represent Movant "to the fullest of his ability according to the ABA and TBA's ethical rules"; refused to investigate the false statements presented to the grand jury and Movant's illegal arrest; refused to allow Movant "to bring up in court multiple facts in [his] defense that would have proven [him] innocent of all false allegations"; refused to argue that Movant's arrest was illegal and that detaining Movant was false imprisonment; failed to argue that it is not illegal to purchase ammunition; and failed to advise him of his appellate rights.[62]

Movant's claims of ineffective assistance of counsel do not relate to the voluntariness of his guilty plea and, accordingly, the claims are waived.[63] Additionally, Movant makes only conclusory allegations that his counsel's performance was deficient and does not explain how the alleged deficiencies were prejudicial. Movant fails to state that but for counsel's allegedly deficient performance, he would not have pleaded

---

[62] Mot. to Vacate at 5, ECF No. 129.

[63] *United States v. Broce*, 488 U.S. 563, 573–74 (1989).

guilty but would have instead insisted on going to trial. Additionally, a review of Movant's conclusory claims of error and the record in this matter indicate that counsel's performance was not deficient and that Movant was not prejudiced by any of the alleged errors, as none of the claims Movant now asserts are meritorious. Counsel's performance is not deficient or prejudicial if counsel fails to raise non-meritorious claims.[64]

## IV. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[65] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[66] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition

---

[64] *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

[65] 28 U.S.C. § 2253(c)(1)(B) (2012).

[66] *Id.* § 2253(c)(2).

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[67]

In this case, reasonable jurists could neither debate the denial of Movant's § 2255 Motion on procedural or substantive grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.[68] Accordingly, the Court will not issue a certificate of appealability.[69]

## V. CONCLUSION AND ORDER

Because some of Movant's claims are waived and procedurally defaulted and his remaining ineffective assistance of counsel claims fail on the merits, the Court concludes that it should deny his Motion.[70] The

---

[67] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).

[68] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

[69] *See* 28 U.S.C. foll. § 2255 R. 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[70] 28 U.S.C. foll. § 2255 Rule 4(b).

Court further concludes that it should deny Movant a certificate of appealability.  The Court accordingly enters the following orders:

**IT IS ORDERED** that Movant Americo Flores-Zarate's pro se "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 129) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Movant Americo Flores-Zarate is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this **30th day** of **November**, **2017**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**